```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X
RENZER BELL,                          :
                Plaintiff,            :    13 Civ. 7916 (PKC)(HBP)
     -against-                        :    MEMORANDUM OPINION
                                           AND ORDER
STALIN RAMIREZ and                    :
KEVIN MARSHALL,
                                      :
                Defendants.
                                      :
-----------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/26/17

PITMAN, United States Magistrate Judge:

By notice of motion dated July 24, 2017 (Docket Item ("D.I.") 140), plaintiff moves to disqualify Daniel M. O'Hara, Esq. as counsel for defendant Ramirez. For the reasons set forth below, the motion is denied.

A motion to disqualify an attorney is committed to the discretion of the district court. Purgess v. Sharrock, 33 F.3d 134, 144 (2d Cir. 1994). "While New York law governs the professional conduct of attorneys in this state, '[t]he authority of federal courts to disqualify attorneys derives from their inherent power to preserve the integrity of the adversary process.'" Air Italy S.p.A. v. Aviation Techs., Inc., No. 10-CV-20 (JG)(JMA), 2011 WL 96682 at *3 (E.D.N.Y. Jan. 11, 2011), quoting Hempstead Video, Inc. v. Inc. Vill. of Valley Stream, 409 F.3d

127, 132 (2d Cir. 2005). The Second Circuit has held that "[a]lthough our decisions on disqualification motions often benefit from guidance offered by the American Bar Association (ABA) and state disciplinary rules, . . . such rules merely provide general guidance and not every violation of a disciplinary rule will necessarily lead to disqualification." Hempstead Video, Inc. v. Inc. Vill. of Valley Stream, supra, 409 F.3d at 132 (citations omitted); accord Solow v. Conseco, Inc., 06 Civ. 5988 (BSJ)(THK), 2007 WL 1599151 at *3 (S.D.N.Y. June 4, 2007) (Katz, M.J.). "Disqualification is only warranted in the rare circumstance where an attorney's conduct 'poses a significant risk of trial taint.'" Decker v. Nagel Rice LLC, 716 F. Supp. 2d 228, 231 (S.D.N.Y. 2010) (Scheindlin, D.J.), quoting Glueck v. Jonathan Logan, Inc., 653 F.2d 746, 748 (2d Cir. 1981). However, "any doubt [with respect to whether disqualification should be ordered] is to be resolved in favor of disqualification." Hull v. Celanese Corp., 513 F.2d 568, 571 (2d Cir. 1975) (citation omitted); accord Heyliger v. J.D. Collins, No. 3:11-CV-1293 (NAM/DEP), 2014 WL 910324 at *2 (N.D.N.Y. Mar. 10, 2014).

In view of their potential for abuse as a tactical device, motions to disqualify opposing counsel are subject to particularly strict scrutiny. Murray v. Metro. Life Ins. Co., 583 F.3d 173, 178 (2d Cir. 2009), citing Lamborn v. Dittmer, 873

2

F.2d 522, 531 (2d Cir. 1989); accord Schatzki v. Weiser Capital Mgmt., LLC, 10 Civ. 4685, 2013 WL 6189208 at *2 (S.D.N.Y. Nov. 26, 2013) (Sweet D.J.). Courts are also reluctant to grant motions to disqualify because they inevitably result in delay and added expense. Evans v. Artek Sys. Corp., 715 F.2d 788, 791-92 (2d Cir. 1983) (disqualification motions "inevitably cause delay" (citation omitted)); D.R.T., Inc. v. Universal City Studios, Inc., 02 Civ. 0958 (BSJ)(JCF), 2003 WL 1948798 at *2 (S.D.N.Y. Apr. 24, 2003) (Francis, M.J.). For these reasons, "the Second Circuit requires a high standard of proof on the part of the party seeking to disqualify an opposing party's counsel in order to protect a client's right to freely choose counsel." Kubin v. Miller, 801 F. Supp. 1101, 1113 (S.D.N.Y. 1992) (Kram, D.J.), citing Gov't of India v. Cook Indus., Inc., 569 F.2d 737, 739 (2d Cir. 1978); accord Gurniak v. Emilsen, 995 F. Supp. 2d 262, 269 (S.D.N.Y. 2014) (Román, D.J.); Gormin v. Hubregsen, 08 Civ. 7674 (PGG), 2009 WL 508269 at * 2 (S.D.N.Y. Feb. 27, 2009) (Gardephe, D.J.) ("The party seeking disqualification must bear a heavy burden of proof in order to prevail, and [m]ere speculation will not suffice." (inner quotations and citations omitted)).

Plaintiff seeks O'Hara's disqualification for two reasons: (1) Ramirez's legal fees are being paid by his co-

3

defendant, Marshall and (2) plaintiff seeks to call O'Hara as a witness. Neither argument is convincing.

The fact that an attorney's fees are being paid or reimbursed by a third party does not create a per se conflict of interest requiring the attorney's withdrawal. The applicable standard is set forth in New York's Rules of Professional Conduct, Rule 1.8(f) which provides:

> (f) A lawyer shall not accept compensation for representing a client, or anything of value related to the lawyer's representation of the client, from one other than the client unless:
>
> (1) the client gives informed consent;
>
> (2) there is no interference with the lawyer's independent professional judgment or with the client-lawyer relationship; and
>
> (3) the client's confidential information is protected as required by Rule 1.6.

See also Restatement (Third) of the Law Governing Lawyers § 134(1) (2000).[1]

In response to plaintiff's motion, O'Hara has submitted a declaration in which he states that he has not violated the Rules of Professional Conduct because Ramirez has given his

---

[1] Section 134(1) of the Restatement provides: "A lawyer may not represent a client if someone other than the client will wholly or partly compensate the lawyer for the representation, unless the client consents under the limitations and conditions provided in § 122 and knows of the circumstances and conditions of the payment."

4

informed consent to O'Hara's accepting payment from Marshall and that the payments he has received from Marshall have not affected his professional judgment with respect to Ramirez (Declaration of Daniel M. O'Hara, Esq., dated Aug. 8 201 (D.I. 142) ("O'Hara Decl.") at ¶ 3). In support of the latter assertion, O'Hara cites the fact that he has asserted a cross claim on behalf of Ramirez against Marshall (O'Hara Decl. ¶ 4).

On this record, O'Hara's receipt of payment from Marshall does not require his disqualification because has met the conditions under which such a fee arrangement is permissible.

Plaintiff's second argument -- that O'Hara will be a witness -- is no more convincing.

Rule 3.7(a) of the Code of Professional Conduct sets forth the circumstances under which an attorney who will also be a witness in a proceeding must withdraw:

> (a) A lawyer shall not act as advocate before a tribunal in a matter in which the lawyer is likely to be a witness on a significant issue of fact unless:
>
> (1) the testimony relates solely to an uncontested issue;
>
> (2) the testimony relates solely to the nature and value of legal services rendered in the matter;
>
> (3) disqualification of the lawyer would work substantial hardship on the client;
>
> (4) the testimony will relate solely to a matter of formality, and there is no reason to believe

5

> that substantial evidence will be offered in opposition to the testimony; or
>
> (5) the testimony is authorized by the tribunal.

In response to this aspect of plaintiff's motion, O'Hara states that he has no personal knowledge of the alleged facts giving rise to the action and that everything that he knows about the action is the result of privileged communications with his client (O'Hara Decl. ¶ 5).

Despite plaintiff's personal involvement in the formation of the alleged contract that gives rise to this action, he makes no claim that O'Hara was involved in that transactions. Plaintiff's inability to cite any involvement on the part of O'Hara in the events that give rise to this action corroborates O'Hara's claim that he has no personal knowledge of the relevant facts. To the extent plaintiff claims that O'Hara will have testimony concerning the indemnification agreement between Marshall and Ramirez, plaintiff has failed to show that O'Hara has any information concerning the formation or terms of the indemnity agreement or how the indemnity agreement is relevant.

> Additionally, where [as here] only the moving party intends to call the adversary's attorney as a witness, "the movant must demonstrate both that the lawyer's testimony is 'necessary' and that there exists a 'substantial likelihood that the testimony would be prejudicial to the witness-advocate's client.'" Acker, 2013 WL 1285435, at *1 (quoting Finkel, 740 F.Supp.2d at

6

373); accord Gurvey, 2014 WL 6491281, at *5; Nimkoff, 2014 WL 1201905, at *8. John Wiley & Sons, Inc. v. Book Dog Books, LLC, 126 F. Supp. 3d 413, 420 (S.D.N.Y. 2015) (Gorenstein, M.J.). Plaintiff does not even address either of these requirements.

Accordingly, for all the foregoing reasons, plaintiff's motion to disqualify O'Hara from representing defendant Ramirez is denied in all respects.

The Clerk of the Court is requested to mark Docket Item 140 closed.

Dated: New York, New York
       September 26, 2017

SO ORDERED

HENRY PITMAN
United States Magistrate Judge

Copies mailed to:

Mr. Renzer Bell
119-31 227th Street
Cambria Heights, New York 11411

Daniel M. O'Hara, Jr., Esq.
The Law Firm of Daniel M. O'Hara
250 Park Avenue, 7th Floor
New York, New York 10177

Mr. Kevin Marshall
P.O. Box 6970
Cincinnati, Ohio 45206