```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X
RENZER BELL,                        :

                Plaintiff,          :   13 Civ. 7916 (PKC)(HBP)

    -against-                       :   MEMORANDUM OPINION
                                        AND ORDER
STALIN RAMIREZ and                  :
KEVIN MARSHALL,
                                    :
                Defendants.
                                    :
-----------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/26/17

PITMAN, United States Magistrate Judge:

By notice of motion dated August 28, 2017 (Docket Item, 155), plaintiff moves to compel production of certain discovery and for sanctions. No opposition to the motion has been filed. For the reasons set forth below, the motion is denied.

Plaintiff's motion seeks production of an agreement by defendant Marshall to indemnify defendant Ramirez. Ramirez's counsel has represented that the agreement was made orally and that there is no written indemnity agreement. There is no evidence in the record to the contrary. Accordingly, there is nothing to be ordered produced.

Plaintiff's application for sanctions is based on Ramirez's failure to produce the indemnity agreement. Because the indemnity agreement was oral, there was never anything for

Ramirez to produce; a party cannot be sanctioned for not producing a non-existent document. Moreover, even if the indemnity agreement did exist in documentary form, Ramirez was never under any obligation to produce it.

Plaintiff does not cite any document request that sought or order directing the production of the indemnity agreement. Rather, plaintiff appears to assume that its production was required by Fed.R.Civ.P. 26(a)(1)(A)(iv) even without a request.

Plaintiff's assumption is incorrect. Rule 26(a)(1)(A)(iv) requires the production of "any insurance agreement under which <u>an insurance business</u> may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment." (Emphasis added). The Rule is limited to the production of "insurance agreements" that create an obligation on the part of "an insurance business." 1970 Advisory Committee Notes to Amendments to Rule 26 ("The provision applies only to persons 'carrying on an insurance business' and thus covers insurance companies and not the ordinary business concern that enters into a contract of indemnification.").[1] Because there is no claim and no evidence

---

[1]The provision of Rule 26 permitting discovery of insurance
(continued...)

that Marshall is "carrying on an insurance business," the mandatory disclosure provisions of Rule 26 do not apply to him.

Plaintiff also suggests that Fed.R.Civ.P. 16 required disclosure of the indemnity agreement. Nothing in Rule 16 required the disclosure of any document.

Accordingly, for all the foregoing reasons, plaintiff's motion to compel discovery and for sanctions is denied. The Clerk of the Court is requested to mark Docket Item 155 closed.

Dated: New York, New York
September 26, 2017

SO ORDERED

HENRY PITMAN
United States Magistrate Judge

Copies mailed to:

Mr. Renzer Bell
119-31 227th Street
Cambria Heights, New York 11411

Daniel M. O'Hara, Jr., Esq.
The Law Firm of Daniel M. O'Hara
250 Park Avenue, 7th Floor
New York, New York 10177

Mr. Kevin Marshall
P.O. Box 6970
Cincinnati, Ohio 45206

---

[1](...continued)
agreement was introduced in 1970 and originally codified at Rule 26(b)(2).

3