UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
RENZER BELL,

                         Plaintiff,                  13-cv-7916 (PKC)(HBP)

      -against-                            ORDER ADOPTING REPORT
                                                      AND RECOMMENDATION
KEVIN MARSHALL,

                         Defendant.
------------------------------------------------------------x
CASTEL, U.S.D.J.

        Plaintiff Renzer Bell, proceeding *pro se*, moved to compel defendant Kevin Marshall, previously represented by counsel but now also proceeding *pro se*, to respond to discovery requests or, in the alternative, for default judgment against Marshall based upon his failure to respond to such requests. (Dkt. 128). Bell pointed to seven sets of interrogatories and one set of document requests to which Marshall has failed to reply as a basis for relief. (Id.). Magistrate Judge Henry Pitman, to whom this case is assigned for general pretrial purposes, issued a Report and Recommendation (the "R&R") on September 20, 2017, in which he recommended that this Court enter default judgment against Marshall. (Dkts. 3, 161).

        The R&R advised the parties that "FAILURE TO OBJECT WITHIN FOURTEEN (14) DAYS **WILL** RESULT IN A WAIVER OF OBJECTIONS AND **WILL** PRECLUDE APPELLATE REVIEW," citing 28 U.S.C. § 636 and Rule 72, Fed. R. Civ. P. (R&R at 6) (emphasis in original). It further directed that any requests for an extension of the time to file objections should be sent to this Court. (Id.). Following Marshall's request for a 180-day extension to object to the R&R (Dkt. 168), the Court, on November 28, 2017, granted a thirty-day extension, over twice as long as the stated period for objections (Dkt. 181). The Court advised in that Order that failure to file objections on or before December 28, 2017 would

constitute a waiver of any objections. (Dkt. 181). On December 26, 2017, the Court received a request from Marshall for an additional sixty-day extension. (Dkt. 186). The Court denied this request, citing its earlier, generous extension of time. (Dkt. 188). On March 1, 2018, nearly two months after the Court's Order denying an extension, Marshall filed a document laying out his objections to the R&R. (Dkt. 189). Marshall's filing includes his general and specific objections to interrogatories and discovery requests made by Bell, as well as responses to certain discovery requests "[i]n an effort to come in [c]ompliance with" those obligations. (Id. at 2). Additionally, it contains further explanation regarding his failure to appear at a June 2017 conference before Magistrate Judge Pitman. (Id. at 12).

In reviewing an R&R, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). In the event that a party timely files objections to a magistrate judge's recommendations, district courts conduct a *de novo* review of those matters to which a party filed an objection. Id.

This Court has, in the exercise of discretion and the interests of justice, afforded Marshall a *de novo* review, albeit one unguided by specific objections. For the following reasons, the Court concludes that the R&R is well reasoned, and well grounded in fact and law.

The R&R reviews the standard for imposing the sanction of default judgment against a party that fails to respond to interrogatories or document requests pursuant to Rule 37, Fed. R. Civ. P. (R&R at 3). Applying the factors that a court in this Circuit properly considers when considering Rule 37 sanctions, see Funk v. Belneftekhim, 861 F.3d 354, 366 (2d Cir. 2017) (quoting S. New England Tel. Co. v. Glob. NAPs Inc., 624 F.3d 123, 144 (2d Cir. 2010)), the R&R concluded that such factors weighed in favor of an entry of default judgment. Specifically, Magistrate Judge Pitman reasoned that Marshall's repeated failure to respond to discovery

- 2 -

requests without explanation demonstrated his willful non-compliance with his discovery obligations. (R&R at 4–5). Magistrate Judge Pitman further noted that Marshall remained non-compliant for over a year, which is substantially longer than periods of non-compliance held to justify dispositive sanctions in this Circuit. (Id.). The R&R further concluded that it was unlikely that lesser sanctions would be efficacious based on Marshall's "cavalier disregard for the Court's Orders," and that the instant motion brought by Bell, expressly seeking default judgment against Marshall, provided adequate notice to Marshall of its consequences. (Id.).

CONCLUSION

For the foregoing reasons, the Court adopts the R&R in its entirety. (Dkt. 161). The Clerk of Court is directed to enter judgment against defendant Marshall in accordance with the R&R.

This Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and in forma pauperis status is denied for purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 443–45 (1962).

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated: New York, New York
April 19, 2018