UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
RENZER BELL,

                        Plaintiff,                            13-cv-7916 (PKC)

       -against-                                         ORDER

STALIN RAMIREZ A/K/A JOSE STALIN
RAMIREZ et ano.,

                        Defendants.
-----------------------------------------------------------x

CASTEL, U.S.D.J.

        This Order explains the Court's reasons for dismissing this action under Rules 16(f) & 41(b), Fed. R. Civ. P., for failure to comply with scheduling orders after repeated opportunities to do so. The two scheduling orders at issue warned in clear, non-technical language that the consequences of non-compliance would be dismissal.

        Plaintiff, who proceeds pro se, commenced this action over eight years ago. He is a prolific and experienced litigant in this district and based upon the Court's review has brought approximately 25 cases in this district since 2003. He is a self-styled "merchant." (Doc 61 (Second Am. Compl.) ¶3.) His present action alleges anticipatory repudiation of an agreement to assign Bell's right to purchase a 2013 Lamborghini Aventador Roadster. (Id. ¶¶ 10-11.)

        The discovery period was contentious and ably presided over by then Magistrate Judge Pitman.[1] Bell sought a further extension of discovery which Judge Pitman denied noting

---

[1] For example, Judge Pitman issued the following Order concerning an eleventh-hour request by Bell to participate by telephone in a conference: "The discovery conference in this matter is adjourned to 4:30 p.m. on November 19, 2014. Plaintiff is ordered to appear in person at that time. If plaintiff fails to appear in person, it is my intention to proceed without him. I am skeptical about the reasons plaintiff proffers for his failure to appear at today's conference. Among other things, he offers no proof that he made arrangements to travel to New York for today's

that discovery had been extended four times over the last then six years and that "Plaintiff has not shown that he has made diligent efforts to complete discovery during the extended period permitted. Given the length of time permitted for discovery and plaintiff's failure to show that he has been diligently trying to complete discovery in a timely manner, there is no basis to further extend discovery." (Doc 200 (Order of Sept. 16, 2019).)

Judge Pitman ordered the parties to advise the undersigned by October 16, 2019 whether they wished to move for summary judgment. Bell wrote to the undersigned but noted that his complaints concerning discovery misconduct had not been resolved. (Doc 201.) The Court advised Bell that he should inform the Court when all discovery related proceedings were complete and submit a letter explaining in detail the legal and factual basis for his proposed summary judgment motion. (Id. (Order of Oct. 17, 2019).) After further review of Judge Pitman's Order that made it plain that discovery was closed, the Court modified this Order to provide as follows: "The Order of October 17, 2019 is MODIFIED as follows: plaintiff's summary judgment motion shall be filed no later than November 15, 2019; defendant's response shall be filed no later than December 13, 2019, and plaintiff's reply shall be filed no later than January 6, 2020; all other requested relief in plaintiff's letter of October 14, 2019 is DENIED without prejudice." (Doc 202 (Order of Oct. 21, 2019).)

Bell applied for an extension of his time to file the summary judgment motion. (Doc 203.) The Court did not act on the request and Bell did not file his motion. Finally, when no motion was forthcoming, the Court entered the following Order: "If either plaintiff's summary

---

conference. He did not request a telephonic conference until three hours before the scheduled start of the conference yet he states the inclement weather occurred yesterday. An online flight tracking service reports that 22 out of 29 flights from Jacksonville to New York on November 17, 2014 were successfully completed. The NOAA forecast for the Jacksonville area contradicts plaintiff's representation that more stormy weather is expected. Given the foregoing, I have serious questions concerning the bona fides of plaintiff's application for a telephonic conference." (Doc 47.)

judgment motion or plaintiff's proposed voir dire, verdict sheet and request to charge are not filed by September 18, 2020, the action will be dismissed for failure to prosecute." (Doc 204 (Order of Sept. 8, 2020).) Bell did not file the summary judgment motion or his proposed voir dire, verdict sheet or request to charge by September 18, 2020.

Ten days after the deadline expired, Bell moved for additional time, to comply with the Court's Order. (Doc 205.) The Court again granted an extension with a second warning of dismissal: "The Court grants plaintiff Renzer Bell until October 29, 2021 to fully comply with the Court's Order of September 8, 2020 (Doc 204) or the action will be dismissed with prejudice for failure to comply with the Court's Scheduling Order and for failure to prosecute." (Doc 206 (Order of Oct. 15, 2021).) Bell did not comply by the October 29, 2021 deadline and has moved for a further time to do so. (Doc 207.)

DISCUSSION

Dismissal for failure to prosecute under Rule 41, Fed. R. Civ. P, is considered "a 'harsh remedy' that should 'be utilized only in extreme situations.'" Lewis v. Rawson, 564 F.3d 569, 576 (2d Cir. 2009) (quoting Minnette v. Time Warner, 997 F.2d 1023, 1027 (2d Cir. 1993)). In weighing dismissal, the Court should consider whether: "(1) the plaintiff's failure to prosecute caused a delay of significant duration; (2) plaintiff was given notice that further delay would result in dismissal; (3) defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a day in court; and (5) . . . the efficacy of lesser sanctions." U.S. ex rel. Drake v. Norden Systems, Inc., 375 F.3d 248, 254 (2d Cir. 2004). "[N]one of the five factors is separately dispositive . . . ." LeSane v. Hall's Sec. Analyst, Inc., 239 F.3d 206, 210 (2d Cir. 2001). Where the failure to prosecute is by a pro se litigant, "district courts should be especially hesitant to

dismiss for procedural deficiencies" and should only dismiss "when the circumstances are sufficiently extreme." Lucas v. Miles, 84 F.3d 532, 535 (2d Cir. 1996). Here the dismissal is also premised on failure to comply with the Court's scheduling orders and Rule 16(f) expressly incorporates the sanctions set forth in Rule 37(b)(2), Fed. R. Civ. P., which includes dismissal. Rule 16(f) requires a proof of a violation of an express order and permits the imposition of sanctions on the Court's own initiative. Rule 16(f), Fed. R. Civ. P.[2]

As noted, this action was commenced over eight years ago. Plaintiff's failure to comply with this Court's Orders has been a significant cause of delay. The initial Order to file the motion for summary judgment was issued over two years ago. In an Order of September 8, 2020, Bell received the first of two, non-technical warnings that the consequences of non-compliance would be dismissal. The second warning was issued on October 15, 2021. These warnings of dismissal demonstrate that lesser sanctions would not be efficacious in bringing Bell into compliance.

The Court cannot say how the defendant Ramirez is affected by plaintiff's non-compliance because the last communication to a judicial officer from the last remaining defendant Stalin Ramirez appears to have been over four years ago on August 16, 2017. (Doc 145.)[3] Bell's acquiescence in defendant's inactivity is relevant, though not dispositive, to whether he has failed to prosecute the action. Further delay would disrupt the administration of justice because the Court would be required to manage the case, which has continuously been hindered by plaintiff's failure to comply with deadlines.

---

[2] The Rule provides in pertinent part as follows: "On motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)–(vii), if a party . . . (C) fails to obey a scheduling or other pretrial order."

[3] A default judgment was entered against defendant Kevin Marshall on April 20, 2018. (Doc 194.)

Even affording Bell special solicitude as a pro se party, "the circumstances are sufficiently extreme" to warrant dismissal.  See Lucas, 84 F.3d at 535.  Bell's belated application to further adjourn his filings does not excuse his repeated non-compliance.  He makes the vague claim that he spent the "better part of the past year working in rehabilitation of chronic lower back injury, and has been subject to COVID-19 protocols on several occasions . . . ." (Doc 207; Bell Decl. ¶6.)  He adds that "the rehabilitative treatment is starting to work to restore mobility, and stamina that were previously lacking."  Id.  Bell claims he did not learn of the Order of October 15, 2021 until November 4, 2021 but acknowledges that he "periodically reviews" the docket.  Id. at ¶4.  Bell does not appear to be in touch with the basic particulars of the case as it presently stands and specifically that he has been granted a default judgment against Kevin Marshall.  Id. at ¶17 ("[T]here are no material factual issues in dispute regarding the causes of action pleaded by the Plaintiff against Kevin Marshall.").  Ramirez is mentioned only in passing in the opening and closing paragraphs of his application.

This is not the first time Bell has flouted Court imposed deadlines.[4]  In Bell v. Pham et al., 09 cv 1699 (PAC), Bell sought additional time to file a response to a motion which the Court granted.  He was then given a second adjournment to file.  He neither filed his opposition papers nor a request for a further adjournment, instead filing an after-the-fact motion for more time claiming that he misfiled the Order granting him the adjournment (09 cv 1699 (PAC) Doc 29 ¶1.).  Thereafter, he sought additional time to file his reply on the same motion which was granted, and then failed to file by the adjourned date resulting in the delay of the motion and the absence of any reply brief.  (09 cv 1699 (PAC) Doc 43.)  In a similar vein, in Bell

---

[4] See also Bell v Hubbert, 95 cv 10456(RSW), 2007 WL 60513 (S.D.N.Y. Jan 8, 2007), in which Judge Sweet denied Bell leave to replead "in light of Bell's 'history of abusing the process of this [court]'" in filing repetitive claims.

v Eurosete Auto Leasing, 09 cv 1728 (LAK), Bell was granted an adjournment of his time to file his opposition to the motion to dismiss (09 cv 1728 (LAK) Doc 22.) but then never filed his opposition nor sought a further extension. (09 cv 1728 (LAK) Doc 24 at 1-2.)  Bell's claims in the above two actions were ultimately dismissed on other grounds.  This case is notably different because (1) it could not move forward without either Bell's summary judgment motion or his final pretrial submissions and (2) he was warned twice that the consequence of a failure to file would be dismissal of the action.

On the totality of the record and Bell's conduct in other cases in this District, the Court concludes that he acted willfully, in bad faith, or through fault.  Carter v. Jablonsky, 121 F. App'x 888, 889 (2d Cir. 2005).  The Court also concludes that the factors set forth in Drake, 375 F.3d at 254, weigh substantially in favor of dismissing this action for failure to prosecute and failure to comply with this Court's Orders.

The action is dismissed.  The Clerk is directed to terminate the motion (Doc 207.), enter judgment in favor of the defendant Ramirez and close the case.


SO ORDERED.

_____
P. Kevin Castel
United States District Judge

Dated: New York, New York
       November 12, 2021


Mailed to Renzer Bell on November 12, 2021 at 5736 Cleveland Road, Jacksonville, FL 32209